IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RIESHJAR BROWN<br>　　Plaintiff<br><br>VS.<br><br>U.S. BANK N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA N.A., SUCCESSOR IN INTEREST TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE BEAR STEARNS ASSET BACKED SECURITIES 1 TRUST 2004 HE9, ASSET BACKED CERTIFICATES, SERIES 2004-HE9<br>　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO.　1:22-cv-348 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, U.S. Bank N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank National Association, as Trustee, on Behalf of the Holders of the Bear Stearns Asset Backed Securities 1 Trust 2004-HE9, Asset Backed Certificates Series 2004-HE9 ("**Trustee**" or "**Defendant**") through undersigned counsel, hereby removes this case from the 250th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division.  Defendant denies the allegations of the Complaint and the damages contained therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

**I.　INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION**

　　1.　On or about April 4, 2022, Plaintiff Rieshjar Brown ("Plaintiff") commenced this action by filing a Petition, Cause No. D-1-GN-22-001552, in the 250th Judicial District Court of Travis County, Texas (the "State Court Action").  See Exhibit C-1.  On April 5, 2022, Plaintiff

obtained an ex parte temporary restraining order. See Exhibit C-2. Defendant filed an answer on April 11, 2022. See Exhibit C-3. This action is being removed less than 30 days following service of the Petition filed in the State Court Action and less than 30 days after Defendant appeared in the State Court Action. Accordingly, removal is timely under 28 U.S.C. §1446(b).[1]

## II.   PLEADINGS AND NOTICE TO STATE COURT

2. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III.   STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3. A defendant may remove a civil action if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in more detail below, this action satisfies the statutory requirements for Federal Question Jurisdiction.

### FEDERAL QUESTION JURISDICTION

4. Removal is proper because Plaintiff's suit involves a federal question.[2] A case arises under 28 U.S.C. §1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[3] Further, the Fifth Circuit Court of Appeals has held that "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District

---

[1] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).
[2] 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[3] See *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689-90 (2006).

Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights."[4]

5.  In addition to a claim for injunctive relief, Plaintiff has alleged violations of Regulation X of the Real Estate Settlement Procedures Act ("RESPA) and specifically references alleged violations of 12 C.F.R. 1024.35 (b)(9) and 10, 1024.35(e)(i)(B) and 12 CFR § 1024.41(g) against Defendant.[5]  Since Plaintiff's claims arise under the laws of the United States of America, the United States District Court has original jurisdiction and removal is appropriate.

6.  This Court should also exercise supplemental jurisdiction over all claims because they are so related to the federal claims that they form part of the same case or controversy.[6]  As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplement jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."[7]  Accordingly, this Court has jurisdiction based on Federal Question jurisdiction.

### V. JURY DEMAND

7.  Plaintiff has not made any known jury demand in the State Court Action.

### VI. CONCLUSION

8.  For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Western District of Texas, Austin Division.

---

[4] *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Circ. 1988).
[5] See Complaint at ¶¶ 29-38.
[6] See 28 U.S.C. § 1367(a).
[7] *Exxon Mobil Corp. v. Allpattah Servs., Inc.*, 545, 558 (2005).

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    Tel 713-220-9182 / Fax 713-223-9319
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April, 2022, a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

James Minerve
13276 N Highway 183, Ste. 209
Austin, Texas 78750
(888) 819-1440 (Office)
(210) 336-5867 (Cell)
(888) 230-6397 (Fax)
Email: jgm@minervelaw.com
**Via Email and ECF**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.